16-4254-cr
*United States v. Henderson*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th the day of October, two thousand seventeen.

PRESENT:   AMALYA L. KEARSE,
           JOSÉ A. CABRANES,
           RICHARD C. WESLEY,
                    *Circuit Judges.*

UNITED STATES OF AMERICA,

        *Appellee,*                    16-4254-cr

        v.

TERON HENDERSON,

        *Defendant-Appellant*

| | |
|---|---|
| **FOR APPELLEE:** | Paul D. Silver, Assistant United States Attorney of Counsel, *for* Grant C. Jaquith, Acting United States Attorney for the Northern District of New York |
| **FOR DEFENDANT-APPELLANT:** | Lawrence Elmen, Jr., Elmen Law Firm P.C., Saratoga Springs, New York |

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Norman Mordue, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 13, 2016 judgment of the District Court be and hereby is **AFFIRMED**.

Appellant Teron Henderson appeals from the District Court's final judgment of conviction following a conditional guilty plea entered pursuant to a conditional plea agreement, pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, permitting him to appeal the District Court's determination that the police lawfully stopped a taxi n which Henderson was a passenger. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In February 2016, New York State Trooper Matthew Ross, surveiling the Plattsburgh, New York bus stop, followed Henderson from the station as he departed in a taxi cab bound for Burlington, Vermont. Ross suspected that Henderson may have been trafficking drugs. Observing what he believed was a violation of New York's Vehicle and Traffic Law, Ross stopped the taxi and searched Henderson, finding him in possession of cocaine base and heroin. The District Court ruled that the stop of the taxi was justified by Ross's reasonable suspicions that the taxi's left-hand turn constituted a traffic violation and that Henderson was engaged in criminal activity. Having reserved in his plea agreement the right to appeal whether the traffic stop was lawful, Henderson challenges both bases for the District Court's ruling.

We review the District Court's legal finding that Ross had reasonable suspicion to stop the taxi *de novo*, while reviewing the factual findings supporting the reasonable suspicion determination by the District Court for clear error, with special deference given to findings based on determinations of witness credibility. *See United States v. Hussain*, 835 F.3d 307, 312-13 (2d Cir. 2016).

Henderson first argues that the District Court, based on the collective knowledge doctrine, improperly found that Ross possessed the requisite reasonable suspicion to believe that Henderson was involved in criminal activity. Under the collective knowledge doctrine, "an arrest or search is permissible where the actual arresting or searching officer lacks the specific information to form the basis for probable cause or reasonable suspicion but sufficient information to justify the arrest or search was known by other law enforcement officials initiating or involved with the investigation." *United States v. Colon*, 250 F.3d 130, 135 (2d Cir. 2001).

Yet the District Court did not invoke this doctrine. Instead, it relied on the "totality of the circumstances"—Ross's knowledge of drug trafficking patterns between Plattsburgh and Burlington from his own experience and information he received from other members of law enforcement, and his knowledge of the taxi cab's intended destination, among other factors. Under the totality-of-circumstances standard, the District Court did not require confirmation that Ross received information from law enforcement officials involved in investigating Henderson. Instead, it needed merely to view the totality of the circumstances "through the eyes of a reasonable and cautious police officer on the scene." *U.S. v. Bailey*, 743 F.3d 322, 332 (2d Cir. 2014) (quoting *United States v. Bayless*, 201 F.3d 116, 133 (2d Cir. 2000)). Since the District Court did not rely on the collective knowledge doctrine, Henderson's argument is without merit.

Henderson next contends that the District Court incorrectly determined that Ross lawfully stopped the taxi in which Henderson was a passenger. Under the Fourth Amendment, an officer may conduct a brief investigatory detention as long as the officer has reasonable suspicion to believe that the person being detained is committing or has committed a criminal offense. *Terry v. Ohio*, 392 U.S. 1, 9 (1968); *see also, e.g., United States v. Arvizu*, 534 U.S. 266, 273 (2002). Similarly, an officer may perform an investigatory detention if he possesses reasonable suspicion of a traffic violation. *United States v. Diaz*, 802 F.3d 234, 238-39 (2d Cir. 2015). Courts reviewing an officer's claim of reasonable suspicion must take into account the "totality of the circumstances" to determine whether the officer has a "particularized and objective basis" for suspecting wrongdoing. *Id.* They should view those circumstances through the eyes of a "reasonable and cautious police officer on the scene, guided by his experience and training." *United States v. Compton*, 830 F.3d 55, 61 (2d Cir. 2006) (internal quotation marks omitted).

We believe that Ross had reasonable suspicion to stop the taxi. New York Vehicle and Traffic Law § 1160(b) requires that on two-way roadways, left hand turns "shall be made in that portion of the right half of the roadway nearest the center line thereof and by passing to the right of such center line where it enters the intersection and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered." N.Y. Veh. & Traff. Law § 1160(b). "Whenever practicable," it states, "the left turn shall be made in that portion of the intersection to the left of the center of the intersection." *Id.* The District Court properly found that Ross correctly interpreted this rule in pulling over the taxi. Ross testified that when the taxi turned left from Route 9 to Route 314, it failed to stay to the left of the center of the intersection on Route 9 as required. The District Court credited Ross's testimony and doing so was not clearly erroneous.

Henderson argues that Ross misinterpreted the law to *require* the taxi to enter the lane closest to the center line of the roadway, as opposed to merely recommending it "when practicable." The District Court did not err in concluding that it was reasonable to interpret the law to mean that if entry into that lane is practicable it is required, not merely recommended. Henderson also contends that Ross provided his observations only as to the lane that the taxi entered *after* completing the turn—not the lane *from which* it turned or point at which it passed through the intersection. But Ross did not base his reasonable suspicion of a violation on the lane into which the taxi turned; he based it instead on his observation of the taxi's failure to stay to the left of the intersection's centerline when making its turn, as mandated. The District Court did not clearly err in crediting Ross's testimony, and Ross therefore had reasonable suspicion to stop the taxi.

## CONCLUSION

We have reviewed all of the arguments raised by Henderson on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the December 13, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3